## WRIGHT *v.* McGINNIS.

COUNTY AUDITOR.—*Per cent. on School Fund.*—Where a county auditor performs duties in the management of the school funds, and the apportionment cannot be made until his successor takes the office, he is entitled to a proportionate amount of the per cent. allowed on the disbursement of the funds.

APPEAL from the Marion Circuit Court.

WORDEN, C. J.—Action by the appellant against the appellee. Demurrer to the first paragraph of the complaint sustained. Finding for the defendant on the second. New trial refused, and judgment.

The following is the case made: The appellant was the auditor of Marion county, whose term of office expired November 2d, 1867, when he was succeeded by the appellee.

On the 10th of October preceding the expiration of the appellant's term of office, he made his report to the state superintendent of public instruction, of the amount of school revenue for apportionment and distribution, in accordance with sections 110, 111, of the school law. 3 Ind. Stat. 462. Owing to delay on the part of the superintendent, the funds were not apportioned, and hence not disbursed until after the expiration of the appellant's term of office, when the disbursement was made by the appellee. The four per cent. on the disbursement amounted to the sum of two hundred and nineteen dollars and sixty cents, all of which

the appellee drew from the county treasury on his own warrant or warrants therefor. The appellant has received nothing for the services rendered by him in the management of the fund thus disbursed, and he brings this action to recover the money, or some part of it, thus received by the appellee.

Section 107 of the statute above cited provides, in addition to two specific items not involved here, that " county auditors shall receive for their services in managing the school funds, four per cent. on all disbursements of interest," to be paid, on disbursements being ascertained, in the same manner and out of the same revenue as for other services.

There are many duties required of the county auditors, not necessary to be here enumerated, in the management of the school funds, besides the mere semi-annual disbursement thereof. These duties were all performed by the appellant during his official term, including the report to the superintendent, leaving nothing to be done by his successor, the appellee, in relation to the sum to be disbursed, but simply to disburse the same according to the apportionment made by the superintendent.

The law, it will be seen, does not give the auditors four per cent. for making the disbursements, but four per cent. on the disbursements for their services in managing the funds. The disbursements are referred to as furnishing the measure of compensation merely. To be sure, the amount of the percentage cannot be ascertained or paid until the amount to be disbursed is ascertained; but when ascertained, it furnishes, in connection with the two specific items, the measure of compensation for all the auditor's services in the management of the fund.

As the appellant performed services in the management of the funds, we see no reason why he should not have compensation therefor.

Although the laborer who enters the vineyard at the eleventh hour may, under some circumstances, be entitled to as much as he who has borne the burthen and heat of the

day, yet we know of no authority for giving him compensation for the entire labor performed, to the exclusion of him who worked the twelve hours.

Each of these parties is entitled to some compensation. The appellant cannot claim it all, because the appellee had a *duty* to perform in relation to the fund after he came into the office. It was no fault of his that the fund had not been disbursed before his term commenced.

The amount received by the appellee ought to be apportioned between the parties, in accordance with the amount of services rendered by each. If this cannot be agreed upon, it can be settled in the same manner as other disputed questions of fact.

We understand the appellee to claim that as there is no statute which authorizes an apportionment of the compensation, none can be made. Perhaps, if this position is tenable, the appellant would be entitled to the whole sum.

But we think no statute authorizing an apportionment is necessary. Each auditor who performs services in managing the funds is entitled to compensation. But the whole compensation cannot exceed the amount fixed by law; and when the services are rendered by successive auditors, the compensation must be apportioned between them in the manner above stated.

The appellee makes the point, however, that this action will not lie against him, but that the appellant must take his remedy against the county. We are of a different opinion. The appellee has received money which rightfully belongs to the appellant, and an action will lie to recover it. Chit. Con. 7 Am. Ed. 601, *et seq.* and notes.

The demurrer should have been overruled to the first paragraph of the complaint, and a new trial should have been granted as moved for.

The judgment is reversed, with costs, and the cause is remanded.

*D. V. Burns, C. Hamlin,* and *G. S. Wright,* for appellant.
*J. Hanna* and *F. Knefler,* for appellee.